UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE IZAL HAIRSTON, CDCR No. BF-2040,<br><br>                            Plaintiff,<br>    vs.<br><br>J. SALAZAR, N. RODRIGUEZ, J. AVILES,<br><br>                          Defendants. | Case No.:  22-cv-1800-MMA (KSC)<br><br>**ORDER: (1) SCREENING AMENDED COMPAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b); AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)**<br><br>[Doc. No. 5] |

Plaintiff Kevin Tyrone Izal Hairston ("Hairston" or "Plaintiff") proceeding *pro se* and currently housed at California State Prison, Sacramento ("SAC"), filed a civil rights action pursuant to 42 U.S.C. § 1983 on November 14, 2022.  *See* Doc. No. 1 ("Compl."). Hairston did not prepay the civil filing fee and did not file a Motion to Proceed in Forma Pauperis ("IFP"), and so the Court dismissed this case without prejudice and gave Hairston until January 13, 2023 to either pay the civil filing fee or file an IFP motion. *See* Doc. No. 2.

On December 12, 2022, Hairston filed an IFP motion, *see* Doc. No. 3, which the Court granted on February 2, 2023, *see* Doc. No. 4. The Court also screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and found that Hairston had stated an Eighth Amendment excessive force claim against Defendants Salazar, Rodriguez, and Doe, but had failed to state a First Amendment retaliation claim against them. *Id.* The Court explained to Hairston that he could choose to either proceed with his Eighth Amendment claim against Defendants Salazar, Rodriguez, and Doe only, or he could file a First Amended Complaint that cured the pleading deficiencies outlined in the Court's February 2, 2023 dismissal Order. *Id.* Hairston was advised that any amended pleading would supersede his original Complaint and any Defendants not named and any claims not re-alleged would be considered waived. *Id.* On February 13, 2023, Hairston filed a First Amended Complaint. *See* Doc. No. 5 ("FAC").

## I. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As with his original Complaint, because Hairston is a prisoner and is proceeding IFP, the Court must conduct a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) which require the Court to sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Factual Allegations**

Hairston alleges that on or about June 21, 2022, he was involved in an altercation with Correctional Officer J. Williams. FAC at 4. After the altercation, Hairston alleges Defendants Salazar and Rodriguez held him down while Defendant Ailes kicked and punched him numerous times while he was "completely defenseless." *Id.* Defendant Salazar "ran into the area, jumped over a desk and landed on top of Plaintiff." *Id.* The Defendants also hit Hairston with their batons repeatedly while Hairston's hands were behind his back, and Rodriguez and Salazar "deliver[ed] knee blows to Plaintiff's body and back area[]." *Id.*

**C.     Discussion**

As currently pleaded, the Court finds Hairston's Amended Complaint alleges a plausible excessive force claim against Defendants Salazar, Rodriguez, and Ailes

sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. Unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In the context of prison officials who are alleged to have used excessive physical force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6–7; *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *see also Carrasco v. Cababe*, No. 1:19-cv-00724-LJO-JDP, 2019 WL 6170118, at *2 (E.D. Cal. Nov. 20, 2019) (finding allegations that defendants beat plaintiff without justification while he was restrained sufficient to state an excessive force claim); *Lees v. Singsong*, No. 19-cv-01603-HSG, 2021 WL 1925728, at *2 (N.D. Cal. 2021) (same). Because Hairston alleges Salazar, Rodriguez, and Ailes kicked, punched, and hit him with batons while he was being held down, he has sufficiently alleged those Defendants acted "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 5.

## II. CONCLUSION AND ORDER

Based on the foregoing, the Court:

1) **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's Amended Complaint (Doc. No. 5) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Salazar, Rodriguez, and Ailes. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of her Amended Complaint, and the summons so that she may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying her IFP package.

2) **ORDERS** the U.S. Marshal to serve a copy of the Amended Complaint and

summons upon Defendants Salazar, Rodriguez, and Ailes as directed by Plaintiff on the USM Form 285s provided to her, and file executed waivers of personal service upon each Defendant with the Clerk of Court as soon as possible after their return.  Should any Defendant fail to return the U.S. Marshal's request for waiver of personal service, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Amended Complaint, and request for waiver was mailed to that Defendant, and note that service upon that party remains unexecuted.  All costs of U.S. Marshal service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on behalf of Plaintiff, the Court will impose upon the Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

   3)   **ORDERS** Defendants Salazar, Rodriguez, and Ailes, once served, to reply to Plaintiff's Amended Complaint, *and any subsequent pleading Plaintiff may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

   4)   **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants Salazar, Rodriguez, and Ailes, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document

was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

Dated: February 22, 2023

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge