UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE IZAL HAIRSTON,<br><br>Plaintiff,<br><br>v.<br><br>J. SALAZAR, N. RODRIGUEZ, J. AVILES,<br><br>Defendants. | Case No.:  22-cv-1800-MMA-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 14]** |

Plaintiff Kevin Tyrone Izal Hairston, a state prisoner proceeding *pro se* and *in forma pauperis* (IFP) filed an amended civil rights action pursuant to 42 U.S.C. Section 1983 on February 13, 2023, after his request to proceed IFP was granted February 2, 2023. *See* Doc. Nos. 4-5. Before the Court is plaintiff's request for appointment of counsel pursuant to 28 U.S.C. 1915(c)(1). *See* Doc. No. 14.  For the reasons outlined more fully below, the Court finds plaintiff's Motion for Appointment of Counsel must be **DENIED**.

## Background

Plaintiff alleges he was involved in a physical altercation with defendants J. Salazar, N. Rodriguez, and J. Aviles. *See* Doc. No. 5 at 4. Plaintiff further alleges the altercation

left him with physical injuries and mental anguish. *Id.* at 5. Plaintiff reports multiple attempts to obtain a lawyer and an inability to afford counsel. *See* Doc. No. 14.

## Discussion

Plaintiff requests the Court appoint counsel in this case for the following reasons: (1) plaintiff is unable to afford counsel and is proceeding IFP; (2) plaintiff's imprisonment will greatly limit his ability to litigate the complex issues involved without the assistance of counsel; and (3) plaintiff has both inadequate access to the prison law library and limited knowledge of the law. *See* Doc. No. 14.

District Courts have discretion, pursuant to 28 U.S.C. Section 1915(c)(1) to "request" that an attorney represent indigent civil litigants upon showing of exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the [petitioner] to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before making a decision." *Terrell*, 935 F.2d at 1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 25 (1981). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell*, 935 F.2d at 1017.

In this case, there is no basis to support a finding of exceptional circumstances. A *pro se* prisoner's inability to afford an attorney, along with other hardships imposed by plaintiff's incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990). Plaintiff's lack of legal education and training is common to most inmate-litigants and does not necessitate the appointment of counsel.

There is nothing from which the Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se*, even though he lacks legal training. The allegations in the Complaint, the First Amended Complaint, and the Motion to proceed IFP are clearly stated and not complex. *See* Doc. Nos. 1, 5, and 14. Thus far, plaintiff has demonstrated the ability to effectively articulate his claims and communicate with the Court in this action.

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. Indeed, "[c]ourts have a duty to construe *pro se* pleadings liberally, including *pro se* motions as well as complaints." *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Circ. 2003). Accordingly, plaintiff's *pro se* status and limited access to the prison's law library will be taken into consideration by the Court when his filings are reviewed.

## CONCLUSION

Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated:  June 14, 2023

Hon. Karen S. Crawford
United States Magistrate Judge