UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE IZAL HAIRSTON,<br><br>    Plaintiff,<br><br>vs.<br><br>J. SALAZAR, Correctional Officer, Richard J. Donovan Correctional Facility; N. RODRIGUEZ; F. AVILES, Correctional Officer, Richard J. Donovan Correctional Facility,<br><br>    Defendants. | Case No.: 3:22-cv-01800-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

    The matter before the court is the "Motion to Find Out How Much Time I Have to File the Opposition" (the "Opposition Motion") (ECF No. 95) filed by Plaintiff Kevin Tyrone Izal Hairston ("Plaintiff").

**I.    BACKGROUND**

    On November 18, 2024, the Court issued an Order denying the Motion for Summary Judgment filed by Plaintiff (ECF No. 70) and granting the Motion for Summary Judgment filed by Defendants J. Salazar, N. Rodriguez, and F. Aviles (ECF No. 73) and directing the Clerk of the Court to enter final judgment in favor of all Defendants. (*See* ECF No. 86 at

17.) On the same day, the Clerk of the Court entered final judgment in favor of all Defendants and closed this case. (*See* ECF No. 87.)

On December 12, 2024, Plaintiff, a state prisoner proceeding pro se, filed a Motion for Time Extension to Answer Back on the Summary Judgment (the "Rule 60(b) Motion"). (ECF No. 90.) Because the Court had already entered final judgment against Plaintiff and in favor of all Defendants, on December 20, 2024, the Court issued an Order (the "December 20th Order") liberally construing the Rule 60(b) Motion as a Motion for Extension of Time to File a Motion for Relief from Judgment. (ECF No. 92 at 2.)

In its ruling, the Court explained that under Federal Rule of Civil Procedure 60(b), a court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

*Id.* (quoting Fed. R. Civ. P. 60(b)). The Court denied Plaintiff's Rule 60(b) Motion as premature because "motion[s] under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) [described above] no more than a year after the entry of the judgment." *Id.* (quoting Fed. R. Civ. P. 60(c)). The Court further explained that "[i]f Plaintiff elects to file a motion pursuant to Rule 60(b), the Court will then assess whether it was filed within a reasonable time after the entry of the judgment." *Id.*

On December 26, 2024, Plaintiff filed a Motion for Time Extension to File an Appeal (the "Appeal Motion"). (ECF No. 93.) On January 8, 2025, the Court issued an Order (the

1  "January 8th Order") granting the Appeal Motion pursuant to Federal Rule of Appellate
2  Procedure 4(a)(5)(c). (ECF No. 94 at 2.) The Court stated that "Plaintiff may file a notice
3  of appeal within fourteen days from the date this Order is issued." *Id.* at 3. The docket
4  reflects that Plaintiff did not file a notice of appeal.

## II.  DISCUSSION

On February 14, 2025, Plaintiff filed the Opposition Motion, stating: "I will [sic] like to know if I have time to file [an] opposition on the summary judgment[.] Im [sic] just asking because I really dont [sic] understand whats [sic] going on!" (ECF No. 95 at 1.)

As previously discussed, on November 18, 2024, the Court entered final judgment in favor of all Defendants and closed this case. (*See* ECF Nos. 86–87.) Plaintiff's deadline to appeal the judgment expired on January 22, 2025, fourteen days after the Court issued its January 8th Order granting Plaintiff an extension of time to file a notice of appeal. (*See* ECF No. 94.)

As explained in the December 20th Order, Plaintiff may elect "to file a motion pursuant to Rule 60(b)," at which point "the Court will [ ] assess whether it was filed within a reasonable time after the entry of the judgment." (ECF No. 92 at 2.)

To the extent Plaintiff seeks guidance on how to proceed, the Court declines to provide Plaintiff legal advice. "The Court cannot provide legal advice to any party, including pro se litigants." *Gragg v. Atascadero Police Dep't*, No. CV2106736MEMFKS, 2023 WL 4352074, at *1 (C.D. Cal. July 5, 2023).

IT IS HEREBY ORDERED that Plaintiff's Opposition Motion (ECF No. 95) is denied as moot. The Clerk of the Court is directed to resend Plaintiff copies of the November 18th Order (ECF No. 86), December 20th Order (ECF No. 92), and January 8th Order (ECF No. 94), along with this Order.

Dated: February 26, 2025

Hon. William Q. Hayes
United States District Court